**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JENNIFER CROSSON, and all** | § | |
| **others similarly situated under** | § | |
| **29 U.S.C. § 216(b),** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No.** |
| | § | |
| **GLOBAL EFFECTS INCORPORATED** | § | |
| **d/b/a CORNERSTONE BAPTIST CHRUCH** | § | |
| **also d/b/a PEBBLES PRESCHOOL** | § | |
| **AND KINDERGARTEN,** | § | |
| **BOBBY HERRELL** | § | |
| **and SUSAN HERRELL** | § | |
| **Defendants.** | § | |

## COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, JENNIFER CROSSON, on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants GLOBAL EFFECTS INCORPORATED d/b/a CORNERSTONE BAPTIST CHURCH and also d/b/a PEBBLES PRESCHOOL AND KINDERGARTEN, BOBBY HERRELL, and SUSAN HERRELL and alleges:

1. This is an action arising under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Tarrant County, Texas at the time that this dispute arose.

3. The Defendant GLOBAL EFFECTS INCORPORATED d/b/a CORNERSTONE BAPTIST CHURCH and also d/b/a PEBBLES PRESCHOOL AND KINDERGARTEN is a corporation that regularly transacts business within Dallas County. Upon information and belief, GLOBAL EFFECTS INCORPORATED d/b/a CORNERSTONE BAPTIST CHURCH and also d/b/a PEBBLES PRESCHOOL AND KINDERGARTEN ("Defendant

Company") was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4.  The individual Defendant BOBBY HERRELL is a corporate officer and/or owner and/or manager of the Defendant Company who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

5.  The individual Defendant SUSAN HERRELL is a corporate officer and/or owner and/or manager of the Defendant Company who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6.  Acts or omissions giving rise to this dispute took place in the Northern District of Texas.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7.  This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed other similarly situated employees like the Plaintiff who have not been paid minimum wages and/or overtime for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

8.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9.  29 U.S.C. § 207(a)(1) states, in pertinent part, "if an employer employs an employee for

more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff, JENNIFER CROSSON, worked for Defendants as a preschool teacher and child care provider from on or about August of 2010 through on or about May 20, 2016.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. For example, Defendants solicit enrollment and accept payment for their preschool and kindergarten enterprise through their website, www.pebbleskids.org, and also accept monetary donations through another of their websites, www.cbcfamily.org. Defendants also use www.cbcfamily.org to distribute various series of speaking presentations and state that they partner with pastors, churches, and ministries across the world as part of their mission statement.

12. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, and 2015.

13. Upon information and belief, the Defendant Company's sales or business done is expected to

exceed $500,000 for the year 2016.

14. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

15. From on or about August of 2010 through on or about April of 2015, Plaintiff, JENNIFER CROSSON, worked an average of 50 hours per week and was paid an average effective straight time rate of $11.60 per hour, but was not paid the extra half-time rate for all overtime hours worked above 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for each overtime hour worked that was only paid at the straight time rate.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By: /s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

    **J.H. ZIDELL, P.C.**
    6310 LBJ Freeway, Ste. 112
    Dallas, Texas 75240
    Tel:    (972) 233-2264
    Fax:    (972) 386-7610